### THE STATE (SAMUEL PERKINS, PROSECUTOR,) v. GEORGE W. PERKINS, COLLECTOR OF BEVERLY.

1. The charter of the borough of Beverly declares that the mayor shall have all the powers of a justice of the peace of the state of New Jersey. This does not make him a justice of the peace of the county of Burlington, so as to be authorized to administer the official oath to the members of the common council, who are required to be sworn before a justice of the county of Burlington.

2. If officers, who are required to be sworn before they enter on the duties of their offices, are wrongly sworn, *e g.* before a person not authorized to administer the oath, their acts are not therefore invalid. The general rule is, that the acts of an officer *de facto* in which others have an interest are valid.

3. The common council of Beverly have power to order money to be raised by tax for expenses, concurrent with the same power vested in the voters.

4. Taxes in Beverly are to be assessed upon the same property and in the same manner as in other parts of the state.

5. If the assessor in his duplicate omits to carry out the amount assessed to any person, so that it does not appear how much his tax was, the assessment will be set aside. It is not sufficient to give the valuation of the property, and mention the rate per cent.

6. An error in the notice of tax left by the collector, as to amount, &c., will not avoid the assessment, but only the tax warrant.

---

This was a *certiorari*, sued out by S. Perkins, prosecutor, directed to George W. Perkins, collector of the borough of Beverly, to remove a tax assessment made in that borough, under its charter, against the prosecutor.

The cause was argued before Justices ELMER and HAINES, by Mr. *Randolph*, for the prosecutor, and Mr. *Stratton*, for the defendant.

ELMER, J. The first objection taken to the tax assessed in this case is, that the members of the common council which ordered it to be raised, and the assessor and collector, were not duly sworn. The charter (*Acts of* 1850, *p.* 186,) requires them to be sworn or affirmed before a justice of the peace of the county of Burlington. In point of fact they were sworn before the mayor of the borough, who, it is declared by the 7th section of the charter, shall have all the powers and authority of a justice of the peace of the state of New Jersey. This section, it is contended, and I think rightly, although it gives the mayor the general powers of a justice of the peace, probably not including therein the power to hold courts for the trial of small causes, (1 *Harr.* 237) does not make him a justice of the peace of the county of Burlington, and therefore did not authorize him to administer an oath in this particular case. But if it be admitted that the officers are not duly sworn, it does not follow that their acts were therefore, of necessity, wholly void and inoperative. The charter does not so declare, and the general rule is, that the acts of officers *de facto*, in which other parties or the public have an interest, are valid. The contrary rule, which has been applied in this state to the cases of surveyors of the highways, rests on the peculiar phraseology of the statute prescribing their oaths. *People* v. *Collins,* 7 *Johns. R.* 549 ; *Hoagland* v. *Culvert, Spen. R.* 387.

Another objection insisted on is, that the common council had no authority to raise this tax. The case submitted to us states that the council ordered the sum of five hundred dollars to be raised for borough purposes, and that no sum was ordered to be raised by the voters of the borough, at their annual election, pursuant to the twentieth section of the charter. By the tenth section it is enacted, that it shall be lawful for the common council of the said borough to raise by tax, from year to year, such sum or sums of money as they may deem expedient for defraying the necessary and contingent expenses of said borough. Here is ample power to raise the sum ordered, independent of the power given to the voters by the twentieth section, which seems to vest in them a concurrent power, and

perhaps, in regard to some of the objects specified in that section which may not come within the necessary or contingent expenses of the borough, may give additional power. That the power to tax, however, is concurrent seems plain, because the council are, by the tenth section, expressly authorized to raise by tax such sum as they may deem expedient for defraying the necessary and contingent expenses of the borough, while, by the twentieth section, the voters are authorized to raise taxes for certain purposes enumerated, and for all other purposes and objects authorized by the act. The sum ordered to be raised by the council for borough purposes, we must infer was intended for and will be applied to defray the necessary and contingent expenses of the borough.

It appears that the prosecutor was meant to be taxed for the amount of certain debts due to him upon bonds and mortgages against persons not residing in the borough. When this charter was granted, debts due to taxable persons were not taxable by any law of the state. The tenth and twentieth sections, before referred to, direct that the taxes shall be assessed " upon the actual value of property." It is now insisted that debts due upon bonds and mortgages, or otherwise, are not taxable for this borough tax. But the twelfth section provides that the assessor shall assess upon the persons and property of the residents, and the property of nonresidents within the said borough, in the same manner and within the same time as the assessors of townships are or may be by law required to assess the state and county taxes. It must be admitted that this provision, as well as several others in the charter, are somewhat ambiguous in their terms, but I think it is sufficiently obvious that it was intended to authorize the assessment of the taxes raised in the borough, not only in the same manner as to form, but also as to the objects to be taxed, as taxes should afterwards be assessed in the townships, save only that whatever property was assessed should be assessed at its actual value. This twelfth section directs an assessment upon persons as well as upon property, thus showing that something more was meant by the word *manner* than the mere form of proceeding. The general tax law in force when

this assessment was made declared that debts due should be considered and taxed as personal property. I think there is no error in assessing the prosecutor's bonds and mortgages against persons residing out of the borough.

It is objected, however, that the duplicate of taxes delivered to the collector was imperfect and illegal. Upon examining the assessment against the prosecutor returned to us, it appears that it contains no statement of the amount of his tax, and nothing upon its face by which that amount can be ascertained; there is in fact no tax returned against him, except his personal tax of fifty cents. The value of his house and of his personal property is stated in separate columns, but neither the rate at which they were assessed nor the amount of tax thereon. It is mentioned in the state of case submitted to us, that the rate assessed upon the general valuation of property was thirty cents on the hundred dollars, but this does not appear to have been stated on the duplicate. This is not a mere formal defect, for it appears that the collector notified the prosecutor in writing that his tax was four dollars and seventy cents, and that the prosecutor, not being dissatisfied with this, did not appeal; but after the day for appealing had passed, the collector notified him his tax was thirty-seven dollars eighty-five cents, and this not being paid, that sum was returned to the mayor, and a tax warrant issued against him for the amount, which he thereupon paid with costs. This illegal conduct of the officer would not invalidate tax legally assessed and returned, however it might affect the legality of the tax warrant itself; but it shows the necessity of requiring that the duplicate should be made out as required by law, so as to designate each person's tax, as well as the valuation of his property.

I am therefore of opinion that, for this error, the prosecutor's tax must be set aside, except the personal or poll tax of fifty cents, which appears to be properly returned.

HAINES, J., concurred.